**Jairaj BISSOO, Petitioner**

v.

**ATTORNEY GENERAL OF the UNITED STATES, Respondent.**

No. 08–1461.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Dec. 23, 2009.

Opinion filed: Jan. 14, 2010.

Genet Getachew, Esq., Brooklyn, NY, for Petitioner.

Richard M. Evans, Esq., Allen W. Hausman, Esq., Andrew J. Oliveira, Esq., United States Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: FUENTES, ROTH and VAN ANTWERPEN, Circuit Judges.

OPINION

PER CURIAM.

Petitioner Jairaj Bissoo is a native and citizen of Trinidad and Tobago, who entered the United States as a visitor in 1995. He was placed in deportation pro-

ceedings soon thereafter. He then applied for asylum, but withdrew the application when the Immigration Judge (IJ) granted him voluntary departure to France by December 15, 1996. Bissoo was still in the United States in October 1996, when he married a United States citizen whom he had met in August of that year. On November 25, 1996, his wife filed an I–130 petition for an alien relative on his behalf and an I–485 application for adjustment of status. On December 18, 1996, the INS returned the I–485 application, explaining that Bissoo had to reopen his deportation case first. Bissoo hired an attorney to file motions to reopen and to extend his time for voluntary departure in immigration court, but neither motion was filed. His wife's I–130 petition filed on his behalf was approved in 1999. Bissoo remained in the United States for eleven years.

In September 2006, Bissoo sought *sua sponte* reopening in immigration court, in order to clear the way for him to proceed with his application for an adjustment of status. He asserted that prior immigration counsel was ineffective for failing to pursue timely reopening and voluntary departure extension motions in 1996. Next, he claimed that he was not barred from pursuing an adjustment of status because more than five years had passed since he violated the voluntary departure order. Bissoo also alleged that erroneous advice given to him by an INS employee in Newark caused his failure to file a motion to reopen and to leave the country by December 15, 1996.

■ The IJ denied Bissoo's motion, finding that there was no discernible basis for granting the extraordinary remedy of *sua sponte* reopening. The IJ also rejected the ineffectiveness of counsel claim because Bissoo failed to comply with *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988). The BIA agreed with the IJ's denial of

reopening. First, the Board dismissed Bissoo's appeal because his motion to reopen in the immigration court was untimely under 8 C.F.R. § 1003.2(c)(2). Second, like the IJ, the BIA declined to exercise its discretion to reopen removal proceedings *sua sponte* pursuant to 8 C.F.R. § 1003.2(a). Specifically, the Board rejected Bissoo's arguments that his eligibility for adjustment of status and the hardship to his family constituted exceptional circumstances warranting reopening. The BIA also rejected Bissoo's ineffective assistance of counsel claim as procedurally barred, and held that his claim of delay caused by an immigration officer's erroneous advice lacked evidence to support it.[1] Bissoo filed a timely petition for review.

Bissoo argues that the BIA should have equitably tolled the ninety-day filing period for filing a motion to reopen under 8 C.F.R. § 1003.2(c)(2). Specifically, he asserts that an Immigration Officer's erroneous advice led him to follow the wrong procedure, which, in turn, caused him to file an untimely motion to reopen. The Government asserts that we lack jurisdiction to consider Bissoo's argument because he failed to exhaust it before the Immigration Court or the BIA.

Our jurisdiction is limited under § 242(d)(1) of the INA to cases where the petitioner "has exhausted all administrative remedies available to the alien as of right...." 8 U.S.C. 1252(d)(1); *see Abdulrahman v. Ashcroft*, 330 F.3d 587, 594–95 (3d Cir.2003). A petitioner has exhausted his administrative remedies if he raises all issues before the BIA. Under our liberal exhaustion policy, "so long as an immigration petitioner makes some effort, however insufficient, to place the Board on notice of a straightforward issue being raised on appeal, a petitioner is deemed to have

exhausted [his] administrative remedies." *Joseph v. Attorney General*, 465 F.3d 123, 126 (3d Cir.2006). The exhaustion policy, however, does "not require the BIA to guess which issues have been presented and which have not." *Bin Lin v. Attorney General*, 543 F.3d 114, 122 (3d Cir.2008). "[W]e will not punish the BIA by interfering in the administrative process with regard to issues that the BIA did not address." *Id.*

Bissoo acknowledges that he did not specifically invoke the phrase "equitable tolling" before the BIA. He contends, however, that he raised the factual predicate for such a claim in detail, sufficient to put the BIA on notice of it. Bissoo's notice of appeal and his brief appear to be devoted solely to justifying *sua sponte* reopening, the only ground upon which the IJ rejected his motion. But the very nature of Bissoo's erroneous advice claim goes to delay, which is relevant to the timeliness issue. We need not decide whether Bissoo raised the equitable tolling claim before the BIA, however. Even if Bissoo did not, we conclude that the BIA reached the issue *sua sponte*. *Id.* at 123–24 (holding that we have jurisdiction where the BIA engages in *sua sponte* consideration of a claim). Without calling it "equitable tolling," the BIA considered the erroneous advice claim and rejected it for lack of evidentiary support. Based on the foregoing, we are satisfied that we have jurisdiction to consider Bissoo's claim.

We have jurisdiction to review the BIA's decision to deny the motion to reopen as untimely under 8 C.F.R. § 1003.2(c)(2). We review the Board's denial of a motion to reopen as untimely for abuse of discretion. *Sevoian v. Ashcroft*, 290 F.3d 166, 170–71 (3d Cir.2002). Under this stan-

---

1. Bissoo correctly notes that the BIA mistakenly identified the IJ as the source of the alleged erroneous advice, rather than the Im-

migration Officer. The BIA's mistaken characterization has no bearing on our decision here.

dard, we will reverse the Board's decision only if it is arbitrary, irrational, or contrary to law. *Lu v. Ashcroft*, 259 F.3d 127, 131 (3d Cir.2001); *see also Guo v. Ashcroft*, 386 F.3d 556, 562 (3d Cir.2004). Here, in the absence of any indication in the record to the contrary, we conclude that the BIA's denial of Bissoo's motion to reopen as untimely because it was filed almost ten years too late was not arbitrary, irrational, or contrary to law. We hold that the BIA acted well within its discretion in denying Bissoo's equitable tolling claim.[2] According to Bissoo's affidavit, his only evidence, the immigration officer's alleged erroneous advice, was countermanded two months later, in December 1996, by the Immigration and Naturalization Service, which explained that he had to file a motion to reopen. (J.A. at 22–23, ¶¶ 8–11.) Bissoo failed to provide any evidence establishing that the immigration officer's erroneous advice caused him to miss the deadline for filing a timely motion to reopen for almost ten years. The Board's denial of Bissoo's ineffectiveness of counsel claim as procedurally barred is not arbitrary, irrational, or contrary to law. Bissoo has conceded that he failed to follow the requirements for raising such a claim pursuant to *Matter of Lozada*. (*See* Petitioner's Brief at 11.) We will therefore deny the petition for review.

■ To the extent that Bissoo challenges the BIA's decision not to invoke its discretionary authority to reopen under 8 C.F.R. § 1003.2(a), we agree with the Government that we lack jurisdiction to review it. *See Calle–Vujiles v. Ashcroft*, 320 F.3d 472, 474–75 (3d Cir.2003).

Accordingly, the Government's motion to dismiss is granted in part, and we will dismiss for lack of jurisdiction Bissoo's

petition for review of the Board's decision to deny reopening as a matter of discretion pursuant to 8 C.F.R. § 1003.2(a). We will deny the petition for review as to the BIA's decision that the motion to reopen was untimely pursuant to 8 C.F.R. § 1003.2(c)(2).

---

**2.** Although the Government addressed equitable estoppel in its brief, Bissoo asserts that he "is not claiming equitable estoppel...." (Re-

ply Br. at 5.) Hence, we will not consider the issue.